UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BARCLAY LOFTS LLC,

    Plaintiff,

    v.                                          Case No. 20-CV-1694

PPG INDUSTRIES, INC. et al.,

    Defendants.

### DECISION AND ORDER ON PPG'S MOTION FOR SPOLIATION SANCTIONS

Defendant PPG Industries, Inc. ("PPG") moved to compel Plaintiff Barclay Lofts LLC ("Barclay") to produce its corporate representative to complete his deposition testimony and requested sanctions for spoliation based on Barclay's alleged failure to preserve text messages. (Docket # 158.) I held a hearing on PPG's motion on June 30, 2023. (Docket # 176.) At the hearing, I addressed and granted in part PPG's motion to compel, allowing the completion of Kiemen's Fed. R. Civ. P. 30(b)(6) deposition as to topic ten. (Docket # 178 at 21.) As to PPG's spoliation request, I took the motion under advisement, and ordered the parties to attempt to determine whether any additional text messages exist that would be responsive to PPG's discovery requests. (*Id.* at 27.)

On August 15, 2023, PPG informed the Court that Barclay produced 172 screenshots of text messages it was able to collect, many of which PPG asserts are relevant to PPG's RCRA and CERCLA defenses. (Docket # 182.) PPG states that Barclay's counsel acknowledged that Barclay only preserved text messages following Kiemen's March 2023 deposition. (*Id.*) PPG requested that the Court rule on the fully briefed spoliation motion.

(*Id.*) Barclay filed its own letter the next day, including additional arguments in opposition to the spoliation motion. (Docket # 183.) PPG responded the same day, asserting that Barclay has filed an unauthorized sur-reply and requests that it either be stricken, or that PPG be granted leave to file a sur-sur-reply brief and hear oral argument on the motion. (Docket # 184.) Additional arguments from either party are unnecessary to resolve this motion. Barclay's sur-reply will not be considered, nor will PPG be permitted to file a sur-sur-reply.

Turning to the merits, PPG accuses Barclay of failing to preserve relevant text messages and requests the spoliation sanction of an adverse inference to correct the alleged spoliation. Fed. R. Civ. P. 37(e) provides the sole source to address the loss of relevant electronically stored information, or ESI, that was required to be preserved but was not because reasonable steps were not taken, resulting in prejudice to the opposing party. *Hollis v. CEVA Logistics U.S., Inc.*, 603 F. Supp. 3d 611, 617 (N.D. Ill. 2022). Rule 37(e) has five threshold requirements: (1) the information must be ESI; (2) there must have been anticipated or actual litigation that triggers the duty to preserve ESI; (3) the relevant ESI should have been preserved at the time the litigation was anticipated or ongoing; (4) the ESI must have been lost because a party failed to take reasonable steps to preserve it; and (5) the lost ESI cannot be restored or replaced through additional discovery. *Id.* If any of these requirements are not met, then curative measures and sanctions are unavailable under Rule 37(e). *Id.*

Once the threshold requirements of Rule 37(e) are met, Rule 37(e)(1) and (2) provides the following remedies:

> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

(2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

(A) presume that the lost information was unfavorable to the party;

(B) instruct the jury that it may or must presume the information was unfavorable to the party; or

(C) dismiss the action or enter a default judgment.

I will assume without deciding that PPG can meet the five threshold requirements of Rule 37(e). Even with this assumption, however, PPG asks for sanctions under Rule 37(e)(2), i.e., for an adverse inference presumption if the case proceeds to trial. (Docket # 161-1 at 25.) But Rule 37(e)(2) requires PPG to show that Barclay acted with the intent to deprive PPG of the information's use in the litigation. The "destruction of or inability to produce a document, standing alone, does not warrant an inference that the document, if produced, would have contained information adverse to the [party's] case." *Park v. City of Chicago*, 297 F.3d 606, 615 (7th Cir. 2002). Rather, "to draw such an inference, the [party] must have destroyed the documents in bad faith." *Id.* A party destroys a document in bad faith when it does so "for the purpose of hiding adverse information." *Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013) (internal quotation and citation omitted). Thus, the "crucial element" is "not that evidence was destroyed but rather the reason for the destruction." *Park*, 297 F.3d at 615 (internal quotation and citation omitted).

Beyond making a conclusory assertion that Barclay's violations are egregious and arguing that Barclay has engaged in "a long line of inappropriate tactics," (Docket # 161-1 at 25) PPG provides no evidence that, even assuming Barclay intentionally deleted text messages, it was done for the purpose of hiding adverse information. PPG also evokes the Court's inherent power to sanction for failure to produce discovery or for destruction of

3

evidence in asking for sanctions. (Docket # 161-1 at 25.) But even if Barclay indeed failed to preserve text messages, PPG has failed to demonstrate that it has suffered any prejudice from the loss. For these reasons, I decline to issues spoliation sanctions under either Rule 37(e) or under the Court's inherent power. However, I implore the parties to work in good faith to comply with their discovery obligations.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that PPG's motion for spoliation sanctions (Docket # 158) is **DENIED**. The motion to restrict reply brief (Docket # 168) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 22nd day of August, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge