# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BARCLAY LOFTS LLC,**

    Plaintiff,

    v.                                          Case No. 20-CV-1694

**PPG INDUSTRIES, INC. et al.,**

    Defendants.

## ORDER CLARIFYING OCTOBER 24, 2023 DECISION

Barclay Lofts LLC ("Barclay") pursues claims against PPG Industries, Inc. ("PPG") and Hydrite Chemical Co. ("Hydrite") (collectively "the defendants") under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a) and the Resources Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a). (Third Am. Compl., Docket # 58.) The defendants moved for leave to file third-party complaints against Sherman Associates, Barclay's parent company. (Docket # 187 and Docket # 196.) The defendants' motions were granted on October 24, 2023 and the defendants were permitted to file their third-party complaints against Sherman. (Docket # 204.) Subsequently, Hydrite filed a letter asking for clarification of the October 24, 2023 Order. (Docket # 208.) Specifically, Hydrite states that in its motion it asked not only for leave to file a third-party complaint against Sherman but requested that Sherman be joined as a co-plaintiff in the action. (*Id.*) Hydrite contends that its motion was granted "in full" as the Court found Sherman to be a real party in interest in this case; thus, the caption should be amended to reflect the addition of Sherman as a co-plaintiff. (*Id.*) Barclay objects to Hydrite's

request. (Docket # 209.) It argues that the Court did not find Sherman to be a real party in interest in this case and, pursuant to Fed. R. Civ. P. 17, Sherman cannot be joined as a co-plaintiff without allowing Sherman an opportunity to be heard. (*Id.*)

As an initial matter, although Hydrite did request that Sherman be added as a co-plaintiff in addition to being impleaded as a third-party defendant (*see* Hydrite Br. at 9–10, 21, Docket # 188), the Court did not make a finding under Rule 17. Thus, it was not the intention of the Court to make a finding in the October 24, 2023 Order that Sherman was a real party in interest pursuant to Rule 17. Rather, the Court found that under Rule 14, because the defendants were reasonably concerned that Barclay would have no funds to pay for its portion of the cleanup costs and because Sherman itself may be liable as a potentially responsible party, Sherman should be impleaded as a third-party defendant. (Docket # 204 at 6–8.)

Whether Sherman should be joined as a real party in interest under Rule 17 is a separate matter. Rule 17(a)(3) provides that:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Rule 17(a) is "a procedural rule requiring that the complaint be brought in the name of the party to whom that claim 'belongs' or the party who 'according to the governing substantive law, is entitled to enforce the right.'" *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 756 (7th Cir. 2008) (internal citation omitted). CERCLA provides that potentially responsible parties who have paid for more than their share of remediation costs have the right to sue other potentially responsible parties for contribution. 42 U.S.C. § 9613(f). The defendants do not contend that Barclay is not a potentially responsible party and thus is not a real party in

2

interest. (Hydrite Reply Br. at 3, Docket # 201.) Rather, the defendants contend that Sherman must be joined under Rule 17 because it is an additional potentially responsible party and thus an additional real party in interest. *See Carpetland, U.S.A. v. J.L. Adler Roofing, Inc.*, 107 F.R.D. 357, 358 (N.D. Ill. 1985) ("An action may involve two real parties in interest."). The Seventh Circuit has found, however, that to the extent a party assigns its cause of action to another party, the assignee becomes the real party in interest for purposes of Rule 17. *See Overseas Dev. Disc Corp. v. Sangamo Const. Co.*, 686 F.2d 498, 505 n.17 (7th Cir. 1982) ("[T]he unconditional assignee of a complete chose in action is the real party in interest and suit must be brought in his name."). In this case, while Sherman, as a potentially responsible party, may have had a right to sue other potentially responsible parties, such as Hydrite, for contribution, Barclay contends that Sherman has assigned to Barclay any rights Sherman may have to recover its costs paid. (Barclay Br. at ¶ 9.)

The defendants liken their situation to that in *Pasco Sanitary Landfill NPL Site Indus. Waste Area Generator Grp. III v. Basin Disposal, Inc*, No. 4:15-CV-05022-SMJ, 2015 WL 12516735 (E.D. Wash. Nov. 16, 2015), where the court found that the plaintiff, an unincorporated association of potentially responsible parties, was not the real party in interest under Rule 17 because the association itself was not a potentially responsible party. *Id.* at *2. The court found that under CERCLA, "only the PRPs are permitted to seek contribution." *Id.* But again, the defendants do not contend that Barclay is not a potentially responsible party. Thus, *Pasco* is inapposite.

Thus, while Hydrite and PPG are entitled to sue Sherman for contribution given the defendants' allegations that Sherman itself may be liable under CERCLA (*see* Docket # 204 at 8–11), it does not follow that Sherman must be added as a co-plaintiff when it has assigned

3

its own right to contribution to Barclay. By allowing the defendants to implead Sherman and seek contribution for Sherman's potential share of responsibility, the defendants' interests are protected because, as previously stated, Sherman now has a seat at the table to divvy up responsibility. The defendants do not argue the corporate veil should be pierced so that Barclay's alleged liability becomes Sherman's. (*See* Hydrite Reply Br. at 2 n.1.) Thus, it is unclear why Sherman must pursue or be compelled to pursue its own potential CERLCA claims when it has assigned those claims to Barclay.

For these reasons, Sherman will not be added as a co-plaintiff in this action.

Dated at Milwaukee, Wisconsin this 8th day of November, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge