UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BARCLAY LOFTS LLC,

    Plaintiff,

    v.                                            Case No. 20-CV-1694

PPG INDUSTRIES, INC., et al.,

    Defendants.

## DECISION AND ORDER ON BARCLAY LOFTS, LLC, HYDRITE CHEMICAL CO., AND SHERMAN ASSOCIATES, INC.'S MOTION FOR ORDER APPROVING *PRO RATA* SETTLEMENT, DISMISSING HYDRITE, AND APPLYING LIMITED CONTRIBUTION BAR

On December 12, 2023, Plaintiff Barclay Lofts, LLC, Third-Party Defendant Sherman Associates, Inc., and Defendant Hydrite Chemical Co. moved for an expedited settlement fairness hearing. (Docket # 218.) The parties reported that they had agreed, in principle, to terms of a settlement. However, because the Court had previously ruled that any settlement between private parties would not bar a contribution claim unless the Court approves the fairness of the settlement, the parties requested an expedited review of the settlement. The parties asked that the Court make a determination prior to December 31, 2023 as trial in this case is scheduled to begin on January 22, 2024. (*Id.*) Defendant PPG Industries, Inc. opposed the other parties' joint motion for an expedited hearing. (Docket # 219.)

A hearing was held by Zoom on December 14, 2023. (Docket # 220.) After hearing arguments from the parties, I denied the motion for an expedited fairness hearing. (*Id.*) The parties vehemently disagreed on whether a fairness hearing would become, in essence, a mini trial or otherwise duplicative of issues to be decided in the upcoming bench trial. (*Id.*) Barclay

was granted leave to file a supplement to offer a procedural alternative(s) that would address some of the concerns raised at the status conference. (*Id.*)

Barclay, Hydrite, and Sherman have now filed a new motion asking that the Court approve a *pro rata* settlement between the parties without holding any hearing. (Docket # 253 at 6.) The proposed Order, however, would bar all future claims by private third parties relating to remediation at the properties at issue in this case as against Hydrite, for contribution or otherwise. (Docket # 253-1 at 4.) The moving parties argue that, so long as the Court orders *pro rata* treatment of the settlement, fairness is effectively presumed, and Hydrite can be dismissed before trial without prejudice to PPG. (Docket # 253 at 6.) PPG opposes the moving parties' new motion. (Docket # 260.)

The moving parties' motion centers on a major legal assumption—that the Court can simply order *pro rata* contribution without a hearing and that this allocation, in and of itself, is presumptively fair and can bar PPG's contribution claim. But the moving parties cite only to non-binding authority for the proposition that the *pro rata* approach does not require a fairness hearing because it fully protects non-settling parties. (Docket # 253 at 8.) Furthermore, while the moving parties acknowledge that the binding authority that does exist—the Seventh Circuit's decision in *Akzo Nobel Coatings, Inc. v. Aigner Corp.*, 197 F.3d 302 (7th Cir. 1999)—endorses the *pro tanto* approach in CERCLA cases, they do not attempt to distinguish it. (*Id.*) Rather, they argue that "the Court has already determined that the *pro tanto* approach is not feasible to implement under the unique circumstances of this case given the sort of fairness hearing it would require." (*Id.*) I did not determine, however, that the *pro tanto* approach is not the correct approach to use. Rather, I found that it was not feasible to decide this issue either on paper or in a hearing on the eve of trial.

Moreover, I read *Akzo* differently than the moving parties. They contend that the *pro rata* approach "is one even *Akzo* described as a 'tossup' . . . meaning there is not much more to recommend one approach than the other." (Docket # 253 at 8.) But that is not what the court found. Rather, the *Akzo* Court specifically found in considering whether the *pro rata* or *pro tanto* approaches apply in CERCLA litigation as follows:

> When one of the litigants has settled with a third party, the [Uniform Comparative Fault Act] reduces other shares by the percentage of total fault of the person released in the settlement (UCFA § 2) . . . . The [Uniform Contribution Among Tortfeasors Act], by contrast, reduces liability only by the dollar amount of third-party settlements (UCATA § 4). These competing approaches can produce substantial differences in incentives to settle and in the complexity of litigation. To the extent language in § 113 speaks to the issue, it prefers the approach of the UCATA: A settlement with the United States or a state "does not discharge any of the other potentially liable persons unless its terms so provide, but it reduces the potential liability of the others by the amount of the settlement." Section 113(f)(2), 42 U.S.C. § 9613(f)(2). Adopting the UCFA as a federal rule would undermine that decision.

*Id.* at 307 (internal citations omitted). The court concluded that it "is best to match the handling of settlements with the way intersecting principles of law work . . . . For CERCLA the most closely related rule of law is § 113(f)(2), which reduces third-party claims by the actual cash value of settlements reached with governmental bodies." 197 F.3d at 308. In other words, I do not read *Akzo* as stating that it is simply a "toss up" whether the *pro rata* or *pro tanto* approach is applied.

Even assuming that the *pro rata* approach should be applied, PPG disputes the moving parties' contention that under its settlement proposal PPG's interests are protected and thus there is no reason to keep Hydrite in this case. The moving parties argue that PPG's liability will be limited to its fair share under the *pro rata* treatment of the settlement; thus, there is no risk that the settlement will alter PPG's allocation at trial. PPG argues, however, that the

3

settlement amount is "patently insufficient" based on what is currently known about Hydrite's share of the liability and because future costs are unknown. (Docket # 260 at 2.)

While the Court encourages parties to settle where it is feasible and does not want Hydrite to unnecessarily expend resources preparing for trial, there is more than the moving parties' interests in this case to consider. Judicial oversight of a CERCLA settlement serves to protect the interests of all parties involved. *See, e.g.*, *Lusher Site Remediation Grp. v. HMS Elkhart, LLC*, No. 3:18-CV-506, 2021 WL 5356105, at *3 (N.D. Ind. Nov. 16, 2021); *United States v. Fort James Operating Co.*, 313 F. Supp. 2d 902, 911 (E.D. Wis. 2004); *United States v. SCA Servs. of Ind., Inc.*, 827 F. Supp. 526, 532–33 (N.D. Ind. 1993). I cannot sufficiently assess PPG's arguments that it is prejudiced by a contribution bar without a fully developed record on the issue. Had the moving parties raised this issue earlier, there would have been sufficient time to conduct the requisite hearing prior to trial. But now we are on the eve of trial and this issue cannot be sufficiently addressed in an expedited manner. Hydrite is of course free to settle with Barclay and if so, neither party need prove their respective claims against the other at trial. However, because PPG's crossclaim against Hydrite for contribution remains, Hydrite will not be dismissed as a party to this case. The moving parties' motion for an order approving a *pro rata* settlement, dismissing Hydrite from the case, and applying a contribution bar is denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Barclay, Sherman, and Hydrite's joint motion for *pro rata* settlement, dismissing Hydrite, and applying a limited contribution bar (Docket # 253) is **DENIED**.

Dated at Milwaukee, Wisconsin this 2nd day of January, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge